## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

RICHARD VENTO, LANA VENTO, GAIL VENTO,  )
RENEE VENTO AND NICOLE VENTO MOLLISON,   )
                                          )
                                          )
              Petitioners,                )
                                          )      CIVIL NO. 2006/218
v,                                        )
                                          )
THE UNITED STATES OF AMERICA,             )
                                          )
                                          )
              Respondent and              )
              Counterclaim Petitioner,    )
                                          )
                                          )
FIRSTBANK VIRGIN ISLANDS,                 )
                                          )
                                          )
              Counterclaim Respondent.    )
—————————————————————————————————————————)

### MEMORANDUM OPINION AND ORDER

This matter came before the Honorable Geoffrey W. Barnard, United States Magistrate Judge, on June 6, 2007, for oral argument on the Petitioners', Richard Vento, Lana Vento, Gail Vento, Renee Vento and Nicole Vento Mollison's, ("Petitioners" or "Ventos") Motion to Quash the Internal Revenue Service's ("IRS") third-party summons served on FirstBank Virgin Islands ("FirstBank"). At the hearing, the Petitioners were represented by Marjorie Rawls Roberts, Esq. and Joseph M. Erwin, Esq. and the United States of America was represented by Joycelyn Hewlett, Esq. and Stuart Gibson, Esq.

At the hearing, the Petitioners called two witnesses,

Memorandum Opinion and Order
Ventos v. USA
Civil No. 06-128
Page 2

Richard Moore, Ph.D., who was the Chief Economist for the
Government of the Virgin Islands and Chair of the Government's
Tax Council and Economic Policy Council from 1981 through 1987
and instrumental in the drafting of the Tax Implementation
Agreement Between the United States of America and the Virgin
Islands[1] and Mr. Anthony Olive, a former Director of the Virgin
Islands Bureau of Internal Revenue ("VIBIR"), who was a signatory
to the Tax Implementation Agreement.

## RELEVANT FACTS

On November 14, 2006, the IRS served a third-party summons
upon FirstBank requesting information regarding the Ventos'
account with FirstBank for the tax years 2002 through 2004.[2]
Copies of the summons were also served upon the Ventos and their
attorney, Marjorie Rawls Roberts.  On December 4, 2006, the
Ventos filed a Petition to Quash the IRS third-party summons on
FirstBank alleging that the summons was not issued in accordance

---

[1]   The Tax Implementation Agreement is an Agreement entered into between
the Unites States of America and the Virgin Islands on February 24, 1987,
providing "for the exchange of information and mutual assistance with respect
to taxes in order to prevent the evasion or avoidance of United States or
Virgin Islands taxes. . . ."

[2]   The IRS is investigating whether the Ventos were "bona fide"
residents of the Virgin Islands for the tax years 2002-2004; whether the
Ventos were obligated to report their income on U. S. tax returns; and whether
the Ventos reported the proper amounts of income earned and the source of the
income during the 2002 through 2004 tax years . . . ." (U. S.  Memorandum in
Support of Opposition to Petition to Quash IRS Third-Party Summons and
Counterclaim To Enforce Internal Revenue Summons - page 3.)

Memorandum Opinion and Order
Ventos v. USA
Civil No. 06-128
Page 3

with the criteria set forth in *Powell v. United States*, 379 U.S.
48(1964). Specifically, the Ventos allege that the summons
failed to meet three of the four criteria set forth in *Powell*.
Namely, (1) that the summons was not issued for a valid purpose;
(2) that the summons was overbroad and has no relevance to the
determination of the United States income tax liability of the
Ventos;(3)that the summons was not issued pursuant to a valid
delegation order which allows the IRS to investigate the income
tax liability of bona fide residents of the Virgin Islands within
the meaning of 932(c)(4) of the Internal Revenue Code of 1986, as
amended; and (4) that the procedures of the Tax Implementation
Agreement between the United States and the Virgin Islands were
not followed.

On January 24, 2007, the IRS responded to the Petitioners'
Petition alleging that its summons was issued in compliance with
the four criteria set forth in *Powell* and, therefore, it has
established a prima facie case for enforcement of the summons and
that this Court should enter an Order granting its counterclaim
and enforcing the summons.

## DISCUSSION

The question before this Court is whether the IRS has met
the criteria set forth in *Powell*. The criteria set forth in
*Powell v. United States* for the issuance of a valid, are as

Memorandum Opinion and Order
Ventos v. USA
Civil No. 06-128
Page 4

follows: (1) the summons must be issued for a proper purpose, (2) the information sought must be relevant to that purpose, (3) the information must not be in the possession of the IRS and (4) that the administrative steps required by law regarding the summons and the issuance and the service of the summons must have been followed. *Powell* at 57-58.

As stated above, the Ventos allege that the IRS has not complied with requirement numbers 1, 2 and 4 of *Powell*. First, the Ventos allege that the summons was not issued for a valid purpose because for the tax years 2002 through 2004, they were bona fide residents of the Virgin Islands within the meaning of Internal Revenue Code, section 932(c)(4, and they filed tax returns with the VIBIR reporting worldwide income and paying tax thereon. Consequently, they have no additional tax liability which could be subject to investigation by the IRS; and, even if the summons was issued for a valid purpose, the information and documents sought from FirstBank have no relevance to the determination of their residency. 26 U.S.C. § 932(c)(4)provides:

In case of an individual

(A) who is a bona fide resident of the Virgin Islands during the entire taxable year,

(B) who, on his return of income tax to the Virgin Islands, reports income from all sources and identifies the

Memorandum Opinion and Order
Ventos v. USA
Civil No. 06-128
Page 5

source of each item shown on such return, and

   (C)  Who fully pay his tax liability referred to

in section 934(a) to the Virgin Islands with respect to such

income, for purposes of calculating income tax liability to the

United States, gross income shall not include any amount included

in gross income on such return, and allocable deductions and

credits shall not be taken into account.

  The IRS contends that it has the statutory duty and power to

investigate the Ventos potential income tax liability pursuant to

26 U.S.C. § 7601[3] and that 26 U.S.C. § 7602[4] provides the means

_____

  [3]  Section 7601 in pertinent part provides: (a) General rule.  The
Secretary shall, to the extent he deems it practicable, cause officers or
employees of the Treasury Department to proceed, for time to time, through
each internal revenue district and inquire after and concerning all persons
therein who may be liable to pay any internal revenue tax, and all persons
owning or have the care and management of any objects with respect to which
any tax is imposed.

  [4]  Section 7602 in pertinent part reads:
 Examination of books and witnesses.
(a) Authority to summon, etc. For the purpose of ascertaining the correctness
of any return, making a return where none has been made, determining the
liability of any person for any internal revenue tax or the liability at law
or in equity of any transferee or fiduciary of any person in respect of any
internal revenue tax, or collecting any such liability, the Secretary is
authorized--
(1) To examine any books, papers, records, or other data which may be relevant
or material to such inquiry;
(2) To summon the person liable for tax or required to perform the act, or any
officer or employee of such person, or any person having possession, custody,
or care of books of account containing entries relating to the business of the
person liable for tax or required to perform the act, or any other person the
Secretary may deem proper, to appear before the Secretary at a time and place
named in the summons and to produce such books, papers, records, or other
data, and to give such testimony, under oath, as may be relevant or material
to such inquiry; and
(3) To take such testimony of the person concerned, under oath, as may be
relevant or material to such inquiry.

Memorandum Opinion and Order
Ventos v. USA
Civil No. 06-128
Page 6

and the manner by which the IRS may investigate the legitimacy of
the Ventos claim of Virgin Islands residency and the correctness
of the Ventos returns.

It should be noted that 26 U.S.C. 932 (c)(4) provides that
an individual claiming to be a bona fide Virgin Islands resident
must report income from all sources and identify the source of
each item on the return and fully pay his tax liability to the
Virgin Islands. It is this Court's position that the IRS has the
power and the statutory duty pursuant to 26 U.S.C. §§ 7601 and
7602 to investigate the Ventos to determine whether they reported
their income from all sources, whether they fully paid taxes with
respect to that income and whether their claim to Virgin Islands
residency is legitimate and that the issuance of the summons to
FirstBank pursuant to 26 U.S.C. § 7602 is a legitimate means by
which the IRS may obtain that type of information and, thus,

(b) Purpose may include inquiry into offense. The purposes for which the
Secretary may take any action described in paragraph (1), (2), or (3) of
subsection (a) include the purpose of inquiring into any offense connected
with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties.
(1) General notice. An officer or employee of the Internal Revenue Service may
not contact any person other than the taxpayer with respect to the
determination or collection of the tax liability of such taxpayer without
providing reasonable notice in advance to the taxpayer that contacts with
persons other than the taxpayer may be made.
(2) Notice of specific contacts. The Secretary shall periodically provide to a
taxpayer a record of persons contacted during such period by the Secretary
with respect to the determination or collection of the tax liability of such
taxpayer. Such record shall also be provided upon request of the taxpayer.

Memorandum Opinion and Order
Ventos v. USA
Civil No. 06-128
Page 7

constitutes a valid purpose for the issuance of the summons.

Thirdly, the Ventos contend that the summons was not issued pursuant to a valid delegation order within the meaning of 26 U.S.C. § 932(c)(4).  Title 26 U.S.C. § 932(c)(4), set forth above, does not address the issuance of the summons pursuant to delegation order.  However, the USA contends that the summons was issued in accordance with the proper administrative procedures as set forth in 26 U.S.C. §§ 7603[5] and 7609.[6] In its Opposition to

---

[5]

Section 6903 in pertinent part provides: (a) In General. A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2) or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty.
(b) Service by mail to third-party recordkeepers.
(1) In general. A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.
(2) Third-party recordkeeper. For purposes of paragraph (1), the term "third-party recordkeeper" means--
(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A). . . .

[6] Section 7609 in pertinent part reads: (a) Notice (1) In General.  If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of th summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy fo the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a

Memorandum Opinion and Order
Ventos v. USA
Civil No. 06-128
Page 8

the Petition to Quash, the USA set forth the procedure it

utilized to issue the third-party summon upon FirstBank.  The

court is satisfied that the procedure the IRS utilized complies

with the requirements of 26 U.S.C. §§ 7603 and 7609.

Finally, the Ventos contend that the summons was not issued

in accordance with the *Powell* criteria because the procedures of

the Tax Implementation Agreement were not followed.

Specifically, the Ventos allege that the TIA requires the IRS to

notify and coordinate its use of the summons with the Virgin

Islands Bureau of Internal Revenue.  In response, the USA

contends that the IRS's power to issue summonses is preserved by

the TIA, in Article 4, paragraph four and by 26 U.S.C. §7651(1).[7]

Article four of the TIA provides for the exchange of information

---

proceeding to quash the summons.
   (2) Sufficiency of notice.  Such notice shall be sufficient in, in or
before such third day, such notice is served in the manner provided in section
7603 (relating to the service of summons) upon the person entitled to notice,
or is mailed by certified or registered mail to the last known address of such
person, or, in the absence of a last known address, is left with the person
summoned, If such notice is mailed , it shall be sufficient if mailed to the
last known address of the person entitled to the notice . . . .


   [7] 26 U.S.C. § 7651(1) provides: Except as otherwise provided in this
subchapter, and except as otherwise provided in section 28(a) of the Revised
Organic Act of te Virgin Islands and section 30 of the Organic Act of Guam
(relating to the covering of the proceeds of certain taxes into the treasuries
of the Virgin Islands or Guam, respectively)--
   (1) Applicability of administrative provisions.  All provisions of the
laws of the United States applicable to the assessment and collection of any
tax imposed by this title or of any other liability arising under this title
(including penalties) shall, in respect of such tax or liability, extend to
and be applicable in any possession to the United States in the same manner
and to the same extent as if such possession were a State, and as if the term
'United States' when used in a geographical sense included such possession.

Memorandum Opinion and Order
Ventos v. USA
Civil No. 06-128
Page 9

"to administer and enforce the domestic laws of the Contracting

Governments concerning taxes covered by the Agreement."

Specifically, Article 4, paragraph four provides:

> The competent authority of the requested
> Government will endeavor to provide
> information upon request by the competent
> authority of the applicant Government for the
> administration an enforcement of the domestic
> laws of the Contracting Government concerning
> taxes.  If the information available in the
> tax files of the requested Government is not
> sufficient to enable compliance with the
> request that Government will take necessary
> measures to provide the applicant Government
> with the information requested.
> **Notwithstanding the foregoing, the United
> States may exercise its rights under section
> 7602 et seq. of the Code to obtain
> information in the Virgin Islands without
> resorting to the procedures set forth in this
> Agreement.**  However, in the event the United
> States so exercises its rights within the
> Virgin Islands it will notify the competent
> authority of the Virgin Islands prior to
> taking action or as soon as practicable,
> unless the competent authorities agree to
> limit notification with respect to certain
> classes of cases.

Clearly, under the TIA, to the extent the parties have

not agreed that notification of the issuance of summonses is not

necessary, the IRS may exercise its statutory power to issue

summonses pursuant to section 7602 provided that the IRS notifies

the VIBIR prior to issuing the summons or as soon as practicable

after the summons has been issued.  The Ventos do not allege that

the IRS failed to notify the proper party at the VIBIR prior to

Memorandum Opinion and Order
Ventos v. USA
Civil No. 06-128
Page 10

the issuance of the summons or "as soon as practicable" after the summons was issued.  Consequently, the Ventos contention that the summons was not issued in accordance with the TIA fails because the Ventos have not alleged that the IRS failed to notify the VIBIR of the issuance of the summons on FirstBank.

Other courts, including this court on two prior occasions, have heard and ruled on other Vento Petitions to Quash Third-Party Summonses.  The most recent ruling was issued by the Second Circuit in the case of *Mollison v. United States*, 481 F.3d 119 (2d. Cir. 2007), affirming the decision of the United States District Court for the Southern District of New York. In that case, the Ventos alleged that the summons must be quashed because (1) the IRS lacked a legitimate purpose in issuing the summons because petitioners resided in the Virgin Islands and thus, pursuant to 26 U.S.C. § 932(c), were required to file only Virgin Islands tax returns;(2) the documents sought were not relevant to the question of petitioners' residency; (3) the IRS already had the information in its possession; (4) the IRS failed to follow proper procedures in issuing the summons because it violated the Tax Implementation Agreement between the United States and the Virgin Islands; and (5)the summons violated their due process rights. *Mollison* at 121.  In *Mollison*, the District Court held that the IRS had a legitimate purpose in issuing the summons

Memorandum Opinion and Order
Ventos v. USA
Civil No. 06-128
Page 11

because the IRS was investigating whether the Ventos were bona fide Virgin Islands residents in 2001, and because even if they were, the IRS retains the authority to investigate the tax liability of the Virgin Islands residents. The petitions were dismissed and the summons enforced. *Mollison* at 122.

Likewise, this Court finds that the IRS has the statutory power to issue the third-party summons on FIRSTBANK to assist in its investigation of whether the Ventos were bona fide Virgin Islands residents and to determine whether they reported the proper amounts of income earned and the sources of the income for the tax years 2002 through 2004. Further, the Court finds that the information requested in the summons is relevant to the determination of those issues and, finally, this Court finds that the IRS did not violate the TIA if it advised the VIBIR of the summons prior to its issuance or as soon as practicable after its issuance.

For the foregoing reasons, the Petitioners' Motion to Quash the Third-Party summons issued on FirstBank is **DENIED** and the United States' counterclaim to enforce the summons is **GRANTED**.

DATED: July 16, 2007

_____
Geoffrey W. Barnard
U.S. Magistrate Judge

Memorandum Opinion and Order
Ventos v. USA
Civil No. 06-128
Page 12


**ATTEST:**
**WILFREDO F. MORALES**
**CLERK OF THE COURT**


By: _Ernest Jackson_
        Deputy Clerk


**Copies to:**

    Marjorie Rawls Roberts, Esq.
    Joseph M. Erwin, Esq.
    Joycelyn Hewlett, Esq.
    Claudette Donovan
    Lydia Trotman
    Olga Schneider
    Sharline L. Rogers, Esq.